WENDY J. OLSON, IDAHO STATE BAR NO. 7634
UNITED STATES ATTORNEY
KEVIN T. MALONEY, IDAHO STATE BAR NO. 5095
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
800 E. PARK BLVD., SUITE 600
BOISE, IDAHO  83712-7788
TELEPHONE:  (208) 334-1211
FACSIMILE: (208) 334-1038

U.S. COURTS

MAY 0 8 2012

Rcvd_____Filed_____Time_____
ELIZABETH A. SMITH
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> BODYBUILDING.COM, LLC ) <br> (also doing business as Bodybuilding.com, ) <br> Higher Power and Higher Power Nutrition), ) <br> ) <br> Defendant. ) | Case No.: <br> CR 12-0115-S BLW <br> **INFORMATION** <br> 21 U.S.C. § 331(a) <br> 21 U.S.C. § 333(a)(1) |

The United States Attorney charges:

### COUNTS ONE - FIVE

**Introduction and Delivery for Introduction
of Misbranded Drugs into Interstate Commerce
21 U.S.C. §§ 331(a) and 333(a)(1)**

Beginning in approximately March 2006, and continuing through September 2009, in Ada County, in the District of Idaho, the Defendant, Bodybuilding.com, LLC, (also doing business as Bodybuilding.com, Higher Power and Higher Power Nutrition), introduced and

Information - 1

delivered into interstate commerce, and caused the introduction and delivery for introduction into interstate commerce, of the five products described below.

These products were misbranded pursuant to 21 U.S.C. § 352(a), in that their labeling falsely and misleadingly identified them as "dietary supplements." None of these five misbranded products were actually "dietary supplements." Instead, they were drugs, as defined at 21 U.S.C. § 321(g)(1)(C), because they contained synthetic anabolic steroids or synthetic chemical "clones" of anabolic steroids, which were not dietary ingredients; the products, routinely referred to as "prohormones," were labeled and promoted as intended to affect the structure and function of the human body (building muscle mass); and the structure and function claims were not in accordance with 21 U.S.C. § 343(r)(6).

The Defendant made the following interstate sales of these misbranded products:

| Ct. | UC Buy or Customer Sale | Ship From/ To | Product Name | Relevant Ingredient in Product | Time Period Sold |
|---|---|---|---|---|---|
| 1 | UC 8/6/2009 | ID to CA | I Force Methadrol | Superdrol a.k.a. methyldrostanolone or methasterone<br><br>8/22/07- 09/24/09 | 8/22/07- 09/24/09 |
| 2 | UC 8/6/2009 | ID to CA | Nutra Coastal D-Stianozol | Madol a.k.a. DMT or desoxymethyltestosterone | 11/30/07- 09/20/09 |
| 3 | UC 2/9/2009 | ID to CA | I Force Dymethazine | Superdrol a.k.a. methyldrostanolone or methasterone | 12/26/08- 09/24/09 |
| 4 | 9/11/2009 | ID to CA | Rage RV 5 | Labeled as containing Madol and Superdrol but actually containing 4-androstenedione | 06/03/09- 09/24/09 |

Information - 2

| Ct. | UC Buy or Customer Sale | Ship From/To | Product Name | Relevant Ingredient in Product | Time Period Sold |
|---|---|---|---|---|---|
| 5 | Offered for Sale 8/06/2009 | From ID | Genetic Edge Technologies (GET) SUS500 | Tren a.k.a. 19-Nor-4,9(10)-androstadienedione | 06/03/07-09/24/09 |

These actions violated 21 U.S.C. §§ 331(a) and 333(a)(1).

Respectfully submitted this 8TH day of May, 2012.

By:

WENDY J. OLSON
United States Attorney


KEVIN T. MALONEY
Assistant United States Attorney

Information - 3