UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BODYBUILDING.COM, LLC,<br><br>Defendant. | Case No. 1:12-cr-00115-BLW<br><br>MEMORANDUM DECISION AND ORDER |

**INTRODUCTION**

Pending before the Court is Bodybuilding.com's Motion for Early Termination of Probation (Dkt. 27). Having reviewed the Motion along with Bodybuilding.com's Memorandum in Support (Dkt. 35) as well as the Government's Response (Dkt. 39), the Court finds that the parties have adequately identified the issues and that a hearing is not necessary. Following that review, the Court enters the following Order denying the Motion without prejudice.

**BACKGROUND**

Bodybuilding.com pled guilty pursuant to a plea agreement to five counts of Introduction and Delivery for Introduction of Misbranded Drugs into Interstate Commerce. On August 2, 2012, the Court imposed concurrent sentences of four years of probation on each count. After serving nearly three years, Bodybuilding.com now seeks to have the remainder of its probation terminated.

Bodybuilding.com argues that early termination of probation is appropriate for three reasons. First, Bodybuilding.com claims that it has fully complied with the terms of its probation. Second, it has implemented compliance policies and procedures beyond those required by the terms of its probation. Third, Bodybuilding.com asserts that requesting early termination does not violate the plea agreement.

In contrast, the Government opposes early termination. The Government notes that complying with the terms of probation is not exceptional and should be expected of any probationer. In addition, they contend that Bodybuilding.com's probation may have been a significant motivating factor in its decision to create additional compliance mechanisms and that continuing probation imposes only a minimal burden on Bodybuilding.com. As a result, terminating probation would remove a significant incentive for Bodybuilding.com to create and continue compliance measures. Finally, the Government argues that Bodybuilding.com's Motion violates the spirit of the plea agreement since Bodybuilding.com agreed to recommend a four-year probation term at sentencing.

## LEGAL STANDARD

The Court has the discretion to terminate a term of probation at any time in the case of a misdemeanor conviction if, after considering the factors listed in 18 U.S.C. § 3553(a), the Court concludes that early termination is warranted by the defendant's conduct and the interest of justice. 18 U.S.C. § 3564(c). The factors to be considered are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense,

to promote respect for the law, and to provide punishment for the offense; (3) deterrence; (4) protection of the public; (5) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (6) the kinds of sentences available; (7) the sentence and sentencing range established for the category of defendant; (8) any pertinent policy statement by the Sentencing Commission; (9) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (10) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(A), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(3), (a)(4), (a) (5), (a)(6), and (a)(7).

As both parties have noted, courts have rarely had the opportunity to decide motions for early termination of probation. However, courts frequently decide motions for early termination of supervised release. Both Bodybuilding.com and the Government reference these cases, and the Court agrees with other district courts in the Ninth Circuit which have concluded that cases addressing § 3553(a) factors on motions for early termination of supervised release are helpful in determining whether early termination of probation is warranted as required by § 3564(c). *See e.g., U.S. v. Hilton,* 2014 WL 3728176, *2 (N.D.Cal. 2014).

## ANALYSIS

**1.    Early termination of probation is not appropriate when considering the relevant § 3553(a) factors.**

The Court has considered all of the pertinent § 3553(a) factors and makes particular note of the following:

**MEMORANDUM DECISION AND ORDER - 3**

a) **Nature and circumstances of the offense and history and characteristics of defendant.**

Bodybuilding.com is a corporation that sold $3,500,000 of steroids mislabeled as dietary supplements. These sales resulted in Bodybuilding.com's guilty plea and sentence. In addition to four years of probation, Bodybuilding.com was ordered to pay a $7,000,000 fine and take specific steps to ensure future compliance. Bodybuilding.com has since paid its fine and appears to have been diligently fulfilling all the conditions of probation including creating new compliance procedures. However, when considering a defendant's actions, early termination should only be granted in rare cases of "exceptionally good behavior." *United States v. Smith*, 219 Fed. Appx. 666, 668 (9th Cir. 2007) (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).

Although Bodybuilding.com's behavior is certainly good, it is no more than is expected of a probationer and does not qualify as exceptional behavior. This Court has consistently held that compliance with conditions of supervised release is expected, and does not justify early termination. Other courts have done so as well. *See, e.g., United States v. Weintraub*, 371 F.Supp.2d 164 (D. Conn. 2005); *United States v. McKay*, 352 F.Supp.2d 359 (E.D.N.Y. 2005). Bodybuilding.com presents an extensive list of actions it has taken to ensure compliance with the law. However, these actions were a reasonable response to the special terms of probation and do not expand on them except to further reduce Bodybuilding.com's risk of non-compliance.

Taking steps to avoid violating a regulatory law is expected of every corporation and especially of corporations that are on probation. As a result, the actions taken by Bodybuilding.com are not exceptional since they do not go beyond the expected actions of a probationer in Bodybuilding.com's position.

   b)  **Deterrence.**

The goals of specific and general deterrence are best accomplished by continuing Bodybuilding.com's probation. Probation provides a significant incentive for Bodybuilding.com to continue its compliance efforts. Although Bodybuilding.com has taken significant steps to ensure compliance, these actions may not have occurred or may not continue to occur without the motivating force of probation. Additionally, continued probation will help deter other corporations from engaging in illegal acts. The Joint Sentencing Memorandum notes that "[a]dequate deterrence to criminal conduct will be achieved by the proposed resolution" and that "others in the industry look to Bodybuilding.com to set a benchmark for what is appropriate in the industry." *Joint Sentencing Memorandum* at 5, Dkt. 21. Given Bodybuilding.com's admitted prominence, the Court is not prepared to make early termination of probation the standard expectation for corporations in Bodybuilding.com's industry or to reduce Bodybuilding.com's incentive to maintain compliance measures.

2.     **It is not in the interest of justice to terminate probation early.**

It would not be proper to release Bodybuilding.com from probation early because it would circumvent the bargained-for plea agreement. Early termination of probation is

only appropriate when it is warranted in the interest of justice. 18 U.S.C. § 3564(c). Bodybuilding.com has not sufficiently indicated how justice would be better served by terminating rather than continuing probation. Probation does not place a significant burden on Bodybuilding.com other than requiring certain compliance measures. Additionally, as part of the plea bargain, Bodybuilding.com agreed to recommend a four-year term of probation at sentencing. Any assertion by Bodybuilding.com that the length of probation is unjust is unpersuasive without further evidence of an uncontemplated hardship since Bodybuilding.com explicitly agreed to the length of probation as part of its plea agreement.

## ORDER

**IT IS ORDERED** that Bodybuilding.com's Motion for Early Termination of Probation (Dkt. 27) is **DENIED**.

DATED: June 9, 2015

_____
B. Lynn Winmill
Chief Judge
United States District Court